# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

MARY BYRNE, AN INFANT, BY GUARDIAN, ETC., RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Testimony of witnesses as to ringing of bell on engine — denial that it was rung — effect of positive and negative testimony.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for personal injuries received by the plaintiff, caused by her being run over by a train of cars belonging to and managed by the defendant.

The court at General Term said: "The defendant seeks to review this case on the ground that the verdict was against evidence. First, in regard to the negligence of the defendant, as alleged, in not ringing the bell. On this point Loughlin testified that the bell was not rung at all before the accident; he states this positively. On cross-examination, he says he knew that it was not rung by hearing, because he did not hear it; that after the accident, when the cord was pulled, he heard the bell distinctly. The cars passed near to Burns and Fisk, who were working by the track; they heard no bell.

For the defendant, the engineer on the train testifies that the bell was rung all the way. The fireman testifies that he is pretty positive he was ringing.

The defendant, in this connection, insists that the court erred in refusing to charge that the positive witnesses who swore that they

heard the bell rung, should have more weight than that of witnesses who only swore that they did not hear it. And the counsel cites *Culhane* v. *N. Y. C. & H. R. R. Co.*, (60 N. Y., 133). There four witnesses testified to the ringing of the bell. The two said they did not hear it, gave no attention to the matter. We cannot suppose that the court meant to hold, as a matter of law, that no negative testimony of that kind, however numerous the witnesses could outweigh positive testimony. Where one testifies that a bell did not ring, or that a certain remark was not made, his testimony must, in the nature of the case, be negative; that he did not hear the bell or the remark.

In the present case Loughlin shows the circumstance which attracted his attention; that is, the sound of a bell (perhaps the gong), striking his ear after the cord was pulled; and he is positive that the bell was not ringing before that time. Experience shows, too, that in such cases the employees of a road whose duty it is to ring the bell, or cause it to be rung, seldom fail to testify that they did their duty. They are under strong temptation to think that they rang the bell, and possibly this temptation affects their memory. We think this was a question for the jury, especially considering the additional evidence of Burns and Sisk, and that the refusal was not error." The court then proceeded to consider the evidence, and held, that it showed the plaintiff to have been guilty of contributory negligence, and that for that reason the court erred in submitting the case to the jury.

*Esek Cowen*, for the appellant. *R. A. Parmenter*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J.; BOCKES and OSBORN, JJ.

Judgment and order reversed, and new trial granted; costs to abide event.